IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHANNON FITZGERALD )<br>(f/k/a BARKER) )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>LINCARE INC. )<br>)<br>  Defendant. ) | Case No. 2:18-cv-412 |

## DEFENDANT'S MOTION TO STRIKE CERTAIN EXHIBITS TO PLAINTIFF'S RESPONSE BRIEF

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56-1(e), Lincare Inc. respectfully moves the Court to strike Exhibits G (the "E-mail"), F (the "Performance Review"), and H (the "Purported Text") to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Dkt. 34 ("Response" or "Resp."). Lincare attaches a copy of the disputed exhibits at issue hereto as **Exhibit 1, 2,** and **3** respectively. In support of its Motion, Lincare states as follows:

1.   The Court may consider only properly authenticated and admissible evidence in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). Evidence that does not comply with Rule 56 may be stricken or otherwise disregarded. *Rogers v. Ford Motor Co.*, 952 F. Supp. 606, 611 (N.D. Ind. 1997) (granting motion to strike documents which had not been authenticated).

2.   Federal Rule of Evidence 401 provides that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

3. Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

4. Further, documentary evidence is admissible if authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a); *Morris v. Ford Motor Co.*, No. 2:10-cv-504, 2012 WL 5947753, *2 (N.D. Ind. Nov. 28, 2012).

5. Plaintiff's Exhibits G, F, and H do not satisfy Rule 56 and they should be stricken and the arguments related thereto disregarded.

### A.  The E-mail (Exhibit G) Is Irrelevant and Inadmissible.

6. Attached as Exhibit G to Plaintiff's Response is an email from Tamara McClain to a number of individuals, including Plaintiff.

7. Plaintiff complains that the E-mail required all employees to obtain a doctor's note when coming in late or leaving early for appointments. (Resp. at 4). But the E-mail is not relevant to her claims in this litigation because Plaintiff has not asserted any claim for violation of her FMLA intermittent leave. Dkt. 1. Because irrelevant evidence is inadmissible under Federal Rule of Evidence 402, Exhibit G should be stricken.

### B.  The Performance Review (Exhibit F) Is Irrelevant and Inadmissible.

8. With respect to her wrongful termination claim under the ADA, Plaintiff testified that Ms. McClain, Plaintiff's manager, is the only individual that she believes discriminated against her. Dkt. 33 at Fact 61.

9. In her Response, Plaintiff attaches and relies upon an October, 2016 Lincare Performance Review conducted by her former manager, Robert Stubblefield, prior to Ms. McClain becoming Plaintiff's manager. *Compare* Ex. 1, Performance Review, dated October

2016 with Dkt. 33, D (McClain Declaration) at ¶ 5 providing that Ms. McClain became Plaintiff's manager in May 2017.

10. Plaintiff provides no reason why this performance review, prepared by Robert Stubblefield, someone she admits was not the decision-maker in this case, is relevant to her claim that *Ms. McClain* discriminated against her. The Performance Review, therefore, is irrelevant and inadmissible. Fed. R. Evid. 402. *See also Graves v. St. Joseph County Health Dep't*, 3:10-cv-315-TLS, 2012 WL 4118588, *10 (N.D. Ind. Sept. 17, 2012) (Springmann) (finding the relevance of plaintiff's evidence "questionable" when plaintiff alleged that she was singled out for her race, but the individual plaintiff accused of discrimination was not the individual responsible for "singling her out".)

### C. The Purported Text (Ex. H) Is Unauthenticated, Irrelevant, and Inadmissible.

11. Exhibit H to Plaintiff's Response purports to be a screenshot of a text message. Plaintiff asserts that the message is between her and Trent McBride.[1] *See* Resp. at 4. Exhibit H is unsworn, unauthenticated, and as such, inadmissible. *See Millard Group Inc. v. Stutesman*, No. 17 CV 8520, 2019 WL 3003148, *2 (N.D. Ill. July 10, 2019) (noting that a screenshot of a text message is "obviously inadmissible because it is unsworn and unauthenticated."). *See also Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 710 F. Supp. 2d 762, 770 (N.D. Ind. 2012) (holding that an e-mail allegedly sent by co-supervisor was not authenticated and "could not be used to oppose summary judgment").

---

[1] While Plaintiff identifies Trent McBride only as a "manager," the record evidence establishes that McBride is an area manager who visits the Merrillville office periodically (Dk. 33, Ex. C at 119:3-8), he had no involvement with Plaintiff's termination (which was handled by McClain, Dk. 33 Ex. D) and had no involvement with Plaintiff's FMLA forms (which was handled by Ms. Reichert, Dk. 33 Ex. A).

12. Plaintiff has not presented any basis on which to ensure the Purported Text is in fact what Plaintiff asserts it is. In fact, the screenshot does not even identify a full name or phone number associated with either the purported sender or receiver. Accordingly, Exhibit H fails to satisfy Federal Rule of Evidence 901(a) and Federal Rule of Civil Procedure 56(c)(2) and it should be stricken.

13. The Purported Text should be stricken for the additional reason that it is undated, making it impossible to assess its relevance under Federal Rule of Evidence 401. In her Response, Plaintiff claims that she received the Purported Text message on August 23, 2017, five days *after* McClain submitted a request to Human Resources for approval to terminate Plaintiff. *Compare* Dkt. 33 Ex. D-3, dated Aug. 18, 2017 with Resp. at 4 stating that McBride sent Plaintiff the text on Aug. 23, 2017. Accordingly, even if the Court were to accept Plaintiff's unsupported claim regarding the date of the Purported Text, it is still is irrelevant to whether Ms. McClain's stated reasons for terminating McClain were a pretext. *See Graves*, 3:10-cv-315-TLS, 2012 WL 4118588, *9 (Springmann) (finding that because a racially charged book display appeared *after* the decision not to hire the plaintiff, it had "no probative value to the impact of racial bias in the decision.").

14. Accordingly, in addition to failing to satisfy Federal Rule of Evidence 901(a), the Purported Text is also irrelevant under Federal Rule of Evidence 401 and is therefore, inadmissible under Federal Rule of Evidence 402. Exhibit H should be stricken.

WHEREFORE, Defendant Lincare Inc. respectfully requests this Court issue an order granting its Motion to Strike and striking Exhibits G, F, and H to Plaintiff's Response as well as disregarding all references to such Exhibits in Plaintiff's Response brief.

Dated:  February 6, 2020						LINCARE Inc.


  Meghan E. Tepas						By: /s/ Meghan E. Tepas
Jennifer M. Huelskamp						   *Attorney for Defendant Lincare Inc.*
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6000

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 6, 2020, she caused a true and correct copy of the foregoing document(s) to be filed via the Court's Electronic Case Filing (ECF) system and thereby served on counsel and all other parties of record.

/s/ Meghan E. Tepas
*Attorney for Defendant – Lincare Inc.*
